**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000087
16-NOV-2023
08:11 AM
Dkt. 99 SO**

NO. CAAP-20-0000087

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MANA JAMPA, Petitioner-Appellee,
v.
ANDREW McINERNEY, Respondent-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5DSS-19-0000040)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Self-represented Respondent-Appellant Andrew **McInerney**
appeals from the **Injunction** Against Harassment entered on
January 24, 2020, by the District Court of the Fifth Circuit.[1]
We affirm.

Self-represented Petitioner-Appellee Mana **Jampa** filed a
petition for a temporary restraining order and injunction against
McInerney on November 29, 2019. The petition alleged: On
November 29, 2019, Jampa took his **Child** to the house of Child's
**Mother**. Mother felt Jampa was late dropping off Child. Mother
and McInerney blocked the dirt road that led to the driveway of
Mother's house. Jampa got out of his car, let Child out of the
back seat, and got back into the driver's seat. McInerney
prevented Jampa from closing the driver's door "with his arm and

---

[1] The Honorable Joe P. Moss presided.

body."  McInerney threatened Jampa "physically and extremely aggressively verbally" until Jampa was "physically trembling and fearing [McInerney's] physical abuse would escalate."  The petition stated "I am lucky that there was a witness in my car or I may have been physically harmed."

The district court conducted an evidentiary hearing on January 24, 2020.  The district court's minutes show it heard testimony from Jampa, Mirishae **McDonald**, McInerney, and Mother.  A video recording made by Mother was admitted into evidence.  The district court ruled:

> So the Court finds the petitioner and the respondent were present.  The parties presented evidence.  I found the allegations proved by clear and convincing evidence.

The district court entered the Injunction against McInerney.

Hawaii Revised Statutes (**HRS**) § 604-10.5 empowers the district courts to enjoin harassment.  "Harassment" means:

> (1)  Physical harm, bodily injury, assault, or ***the threat of imminent physical harm, bodily injury, or assault***; or
>
> (2)  An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual and serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.

HRS § 604-10.5(a) (2016) (emphasis added).

McInerney contends that "The Single 11/29/19 Incident Cited By The Court Was Insufficient Evidence To Support Granting Of The Injunction Order."  A single incident of "the threat of imminent physical harm, bodily injury, or assault" is sufficient to constitute harassment under HRS § 604-10.5(a)(1); the course of conduct element applies only to the HRS § 604-10.5(a)(2) alternative definition.

McInerney "cites as error the court's granting of the Injunction Order based on a lack of Substantial Evidence."

> The burden is upon appellant in an appeal to show error by reference to matters in the record, and he has the responsibility of providing an adequate transcript. Moreover, if the appellant wishes to urge that a finding or conclusion is unsupported by the evidence, he must include a transcript of all the evidence relevant to such finding or conclusion. . . . An appellant may not pick and choose what he would like to see, but he has the burden to designate all the evidence, good and bad, material to the point he wishes to raise.
>
> The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error. An appellant must include in the record all of the evidence on which the lower court might have based its findings and if this is not done, the lower court must be affirmed.

Union Bldg. Materials Corp. v. Kakaako Corp., 5 Haw. App. 146, 151–52, 682 P.2d 82, 87 (1984) (citations omitted). McInerney ordered only partial transcripts of the evidentiary hearing. They include some of the district court's comments and its ruling, but almost none of the testimony of the parties and no testimony from McDonald or Mother. We are unable to review McInerney's claim of lack of substantial evidence because of the incomplete record before us.

McInerney contends that "The Procedure Used By the District Court In The Conduct Of The Trial Was Flawed And Deprived Respondent-Appellant Of His Right to Due Process Under The US [sic] and Hawaiʻi Constitutions." McInerney has not provided transcripts of the evidentiary hearing to support his contention. We are unable to review McInerney's claim that the district court conducted the evidentiary hearing in a way that deprived him of due process because of the incomplete record before us.

McInerney contends that "The Ruling of the Court Was Based on Excessive Personal Bias Rather Than By Applying the Standards of Law And Thus Does Not Meet the Burden of Proof[.]" He correctly argues that the applicable standard of proof is "clear and convincing evidence." See HRS § 604-10.5(g). But he hasn't provided complete transcripts of the evidentiary hearing, which are necessary for us to evaluate whether the district

court's findings of fact — that the allegations of the petition were proven — were supported by clear and convincing evidence. For example, McInerney argues that the district court's decision was "based on the Court's personal feelings about violence, rather than the legal definition of what constitutes harassment." The district court stated:

> I'm just so much an anti physical violence guy, I just don't even want to see this inkling of it. Right? Even just to be in a confrontational situation like I saw on this film, it just didn't need to exist.

Without transcripts of the evidence — testimony by the parties and witnesses about what happened — we have no basis to review whether the district court was presented with clear and convincing evidence that McInerney threatened Jampa with imminent physical harm, bodily injury, or assault.

McInerney notes that the district court said, after he asked how long the Injunction would stay on his record, "It's not on your record. You don't have to worry about that. We're not finding that you broke any law or any criminal thing at all. This is totally what we call civil." McInerney argues:

> Thus, the Court effectively implies that the Court found no evidence of "physical harm, bodily injury, assault, or the threat of the threat of [sic] imminent physical harm, bodily injury, or assault" which would otherwise be at minimum a criminal misdemeanor under [HRS] §[]707-717.

We disagree. First, the district court was correct that the Injunction, being entered in a civil case under HRS § 604-10.5, would not appear on McInerney's criminal record.

Second, the burden of proof in a criminal case is "beyond a reasonable doubt," a higher standard than "clear and convincing evidence." Evidence that does not establish a threat of imminent physical harm, bodily injury, or assault beyond a reasonable doubt could still support such a finding based on clear and convincing evidence. See Masaki v. Gen. Motors Corp., 71 Haw. 1, 15, 780 P.2d 566, 574 (1989) (noting that "'clear and convincing' evidence may be defined as an intermediate standard

4

of proof greater than a preponderance of the evidence, but less than proof beyond a reasonable doubt required in criminal cases").

Third, even if the evidence had established that McInerney committed terroristic threatening in the second degree in violation of HRS § 707-717, the district court could not have convicted him of a crime because he was not being prosecuted by the State of Hawaiʻi.

McInerney notes that the district court said "this was really, really, really close in my mind. Really close." He argues that "reflects a misapprehension of the clear and convincing standard of proof[.]" It could also reflect the difference between "clear and convincing" and "preponderance of the evidence." But we need not speculate because the district court recited the correct standard of proof twice, in announcing its decision and in the Injunction. The record is clear that the district court applied the correct standard of proof.

McInerney contends that "The Court Abused Its Discretion" by misinterpreting the video evidence. We cannot decide whether the district court clearly erred based on the contents of the video alone.[2] McInerney failed to sustain his burden of including in the record all of the evidence on which the district court might have based its findings. Since that was not done, the district court "must be affirmed." Union Bldg. Materials, 5 Haw. App. at 152, 682 P.2d at 87.

Finally, McInerney contends that "A Reasonable Person Would Not Suffer Emotional Distress As a Result of the Course of Conduct by [McInerney.]" The cause-a-reasonable-person-to-suffer-emotional-distress requirement applies only to the course of conduct element of HRS § 604-10.5(a)(2). Jampa did not have to prove, and the district court did not have to find, that McInerney's conduct would cause a reasonable person to suffer

_____

[2] The compact disc on file with the district court that was supposed to have contained the video was blank.

emotional distress in order to properly enter an injunction for harassment as defined by HRS § 604-10.5(a)(1).

The Injunction Against Harassment entered by the district court on January 24, 2020, is affirmed.

DATED:  Honolulu, Hawaiʻi, November 16, 2023.

On the briefs:

Andrew McInerney,
Self-represented
Respondent-Appellant.

Mana Jampa,
Self-represented
Petitioner-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge